IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DANYELL DRUMMOND, an individual,<br><br>Plaintiff,<br><br>v.<br><br>VERTIAS FUNDING, LLC, and PREMIER SOUTHERN PROPERTIES, LLC,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PREMIER SOUTHERN PROPERTIES, LLC'S MOTION TO DISMISS<br><br>Case No. 2:21-CV-423-TS-DBP<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Premier Southern Properties, LLC's ("PSP") Motion to Dismiss. For the reasons discussed below, the Court will deny the Motion.

I. BACKGROUND

Beginning in 2006, Plaintiff DanYell Drummond owned residential property in Sandy, Utah (the "Property"). Defendant Veritas Funding, LLC ("Veritas") is a mortgage lending company based in Midvale, Utah. On June 11, 2018, Drummond obtained a FannieMae Homestyle Renovation Loan ("HomeStyle Loan") for $370,500.00 from Veritas to remodel the Property. To fund the loan, Plaintiff executed a deed of trust.

Drummond stopped making loan payments to Veritas in February 2020 claiming that Veritas' lending process "was fraught with continual material disclosure errors."[1] Drummond sent a Notice of Rescission to Veritas on May 13, 2020. The Notice was recorded with the Salt Lake County Recorder's Office on June 18, 2020. On April 16, 2021, Veritas entered a Notice of

---

[1] Docket No. 16, at 2.

1

Default and Election to Sell the Property ("Default") and served the notice to Drummond. Drummond had until July 16, 2021, to cure the Default.

Drummond brought an action against Veritas on May 31, 2021, in the Third Judicial District Court, Salt Lake County, Utah. This action was subsequently removed to this Court. On October 4, 2021, Drummond recorded a Lis Pendens on the Property with the County Recorder, which was also filed with the Court.[2] On December 20, 2021, a trustee's sale was held, where PSP was the successful bidder. After the sale, Plaintiff added PSP as a Defendant, seeking to quiet title. PSP now seeks dismissal.

## II.     MOTION TO DISMISS STANDARD

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[3] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[4] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[5] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[6]

---

[2] Docket No. 21.

[3] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[6] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the complaint alone is legally sufficient to state a claim for which relief may be granted."[7] As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[8]

### III.   DISCUSSION

PSP seeks dismissal of Plaintiff's quiet title claim, arguing that it is a bona fide purchaser of the property. A bona fide purchaser is one who takes an interest in property in good faith.[9] To take property "in good faith, a subsequent purchaser must take the property without notice of a prior, unrecorded interest in the property."[10] Notice of a prior interest may be actual or constructive.[11] "Actual notice arises from actual knowledge of an unrecorded interest or infirmity in the grantor's title."[12] "[C]onstructive notice may result from record notice or inquiry notice."[13]

---

[7] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[8] *Iqbal*, 556 U.S. at 679 (internal citations, quotation marks, and alterations omitted).

[9] *Morris v. Off-Piste Cap. LLC*, 2018 UT App 7, ¶ 30, 418 P.3d 66.

[10] *Salt Lake Cnty. v. Metro W. Ready Mix, Inc.*, 2004 UT 23, ¶ 13, 89 P.3d 155.

[11] *Haik v. Sandy City*, 2011 UT 26, ¶ 14, 254 P.3d 171.

[12] *Id.* (internal quotation marks and citation omitted).

[13] *Pioneer Builders Co. of Nev. v. K D A Corp.*, 2012 UT 74, ¶ 23, 292 P.3d 672 (citation omitted).

Record notice "results from a record or is imputed by the recording statutes."[14] Utah's recording statute provides that documents and instruments filed with the county recorder "impart notice to all persons of their contents."[15] "Thus, when documents filed with the county recorder disclose an interest in a particular property, a subsequent purchaser has record notice of the competing interest and does not take in good faith."[16]

The allegations in the Complaint support that PSP had constructive notice of Plaintiff's claimed interest in the property. Plaintiff alleges that she recorded both the Notice of Recission and the Lis Pendens with the Salt Lake County Recorder's Office. By doing so, Plaintiff imparted "notice to all persons of their contents" and PSP cannot be considered to have taken the property in good faith.

Further, Plaintiff has sufficiently alleged prejudice from a defect in the sale.[17] Specifically, she alleges that she timely rescinded her Veritas loan. If this proves true, the trust deed became void.[18] Plaintiff plausibly alleges her interests were sacrificed based on Veritas' foreclosure of the Property without the right to do so.[19] Further, if Veritas had no right to

---

[14] *Haik*, 2011 UT 26, ¶ 14 (alteration omitted) (internal quotation marks and citation omitted).

[15] Utah Code Ann. § 57-3-102(1).

[16] *Pioneer Builders Co. of Nev.*, 2012 UT 74, ¶ 24.

[17] *Bank of Am. v. Adamson*, 2017 UT 2, ¶ 23, 391 P.3d 196 ("Unless there is evidence of fraud or other unfair dealing, the trustor is required to show he suffered prejudice from some defect in the sale in order to state a claim for relief.").

[18] *Utah First Fed. Credit Union v. Dudley*, 2012 UT App 164, ¶ 9, 280 P.3d 462 (concluding that the Truth in Lending Act contemplates a valid recission before a security interest becomes void); *see also* 15 U.S.C. § 1635.

[19] *Concepts, Inc. v. First Sec. Realty Servs., Inc.*, 743 P.2d 1158, 1160 (Utah 1987) ("A sale once made will not be set aside unless the interests of the debtor were sacrificed or there was some attendant fraud or unfair dealing.").

foreclose the property, PSP had no right to purchase it, and by acquiring the property that is the subject of a Lis Pendens, PSP "stands in no better position than the person [it] acquires it from, [it] is charged with notice of the claimed contrary rights of others, and [it] is bound by the judgment rendered in the litigation."[20] While the Court earlier denied Plaintiff's request for continued injunctive relief, the merits of her claims remain to be decided. At this stage, Plaintiff has sufficiently stated a claim against PSP.

IV. CONCLUSION

It is therefore

ORDERED that PSP's Motion to Dismiss (Docket No. 53) is DENIED.

DATED this 11th day of September, 2023.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[20] *Bagnall v. Suburbia Land Co.*, 579 P.2d 914, 916 (Utah 1978).